**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | |
|---|---|
| Trustees of the LOCAL 309 ELECTRICAL HEALTH AND WELFARE FUND; Trustees of the LOCAL 309 WIREMAN'S PENSION TRUST; Trustees of the LOCAL 309 VACATION TRUST FUND; Trustees of the SOUTHWESTERN ILLINOIS JOINT APPRENTICESHIP AND TRAINING COMMITTEE; Trustees of the LOCAL 309, IBEW INCOME SECURITY FUND; LOCAL 309, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO; Trustees of the NATIONAL ELECTRICAL BENEFIT FUND; Board of Directors of the LABOR MANAGEMENT COOPERATION COMMITTEE; and the ADMINISTRATIVE MAINTENANCE FUND; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No.: 3:19-cv-935 ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| Tucker Electrical Contracting, Inc. | ) ) |
| Defendant. | ) ) |

Serve:
  Marland A. Tucker, Jr.
  Registered Agent
  550 24th St.
  Carlyle, Illinois 62231

**COMPLAINT**

**PARTIES**

1.      As set forth more fully below, Plaintiffs are trustees of various employee welfare,

pension, and other benefit plans and funds.

2.      Plaintiff, Local 309 International Brotherhood of Electrical Workers, AFL-CIO

("Local 309") is a voluntary unincorporated association with its principal office in Collinsville,

Illinois.  Local 309 exists for the purpose of dealing with employee grievances, labor disputes,

1

wages, rates of pay, hours of employment, terms or conditions of employment and for other

purposes.  It is a labor organization in an industry affecting commerce within the meaning of the

LMRA.

3.       Defendant Tucker Electrical Contracting, Inc. ("Defendant") is incorporated and

existing under the laws of the State of Illinois.

4.       At all times relevant to this action, Defendant has been engaged in the electrical

construction business with principal place of business at 550 24th St., Carlyle, Illinois 62231.

5.       Defendant is an employer within the meaning of the LMRA, as amended, 29 U.S.C.

§ 185 and within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

**JURISDICTION AND VENUE**

6.       This action arises under Section 301 of the Labor Management Relations Act

("LMRA") of 1947, as amended, 29 U.S.C. § 185, and Sections 502 and 515 of the Employee

Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. §§ 1132 and 1145, each of which

provide that Federal District Courts have jurisdiction over suits thereunder.

7.       Venue is proper in this Court in that an action brought by Trust Fund fiduciaries

may be brought in a District where the breach took place, where a defendant resides or may be

found, or where the plan is administered.  Section 502(e)(2) of ERISA, 29 U.S.C.§ 1132(e)(2).

Defendant resides in this district.

**FACTS COMMON TO ALL COUNTS**

8.       On November 30, 1999, Theresa Hammel, Secretary, signed a "Letter of Assent-

A" binding Defendant to the Inside Labor Agreement then in effect, and all subsequent Inside

Labor Agreements between Local 309 and the Southwestern Illinois Division-Illinois Chapter,

NECA. A true and accurate copy of the Letter of Assent is attached and incorporated as Exhibit 1.

2

9.      During all times material herein, Defendant has been obligated by the provisions of the Inside Labor Agreement ("Labor Agreement") to file reports and pay the monthly contributions due to the employee benefit trust funds covered by this Complaint for the benefit of eligible bargaining unit employees who are covered under the Trust Agreements and Trust Plans and to withhold authorized working dues from the paychecks of covered employees, and to report and pay those dues monthly along with the employee benefit contributions. A true and accurate copy of the Labor Agreement is attached and incorporated as Exhibit 2.

10.     The Trust Agreements and Declarations of Trusts of the Plaintiff Trust Funds are incorporated into the Labor Agreement by reference.

11.     At all times relevant hereto, Defendant has employed bargaining unit employees covered by the Labor Agreements.

12.     For the period from April 2019 to July 2019, Defendant filed reports but failed to pay the contributions and working dues owed to Plaintiffs for hours worked and wages earned by its bargaining unit employees as required by the Labor Agreement.  Defendant's failure to pay contributions and forward working dues is a continuing violation of the Labor Agreement and ERISA.

13.     Plaintiffs estimate the unpaid contributions and working dues owed for April to July 2019 to be $44,240.07.  In August 2019, Plaintiffs received $28,258.90 from Defendant's Letter of Credit with Farmer's Bank of Hoffman, thereby reducing the estimated unpaid contributions and working dues owed by Defendant to $15,981.17.

14.     Under Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E) and the Labor Agreements, Plaintiffs are entitled to an audit of Defendant's books and records, from April 2019 to present, to verify the contribution reports and to determine the exact amount of contributions and working dues owed under the Labor Agreement.

15.     Absent an accounting, it is impossible for Plaintiffs to verify and establish the exact amount of contributions and working dues owed to Plaintiffs for the period from April 2019 to the present.

16.     Under Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D) and the Trust Agreements incorporated into the Labor Agreement, Defendant is obligated to pay attorney's fees and costs incurred by Plaintiff Funds in collecting unpaid contributions.

### COUNT I – LOCAL 309 HEALTH AND WELFARE FUND CLAIMS

**COME NOW** Plaintiffs, Trustees of the Local 309 Health and Welfare Fund ("Health and Welfare Fund"), and for their cause of action state:

17.     Plaintiffs reallege and incorporate as part of Count I paragraphs 1 – 16 as if set out herein in full.

18.     The Health and Welfare Fund is a covered "employee welfare benefit plan" as defined in Section (3)(1) of ERISA, 29 U.S.C. § 1002(1), and is administered in Collinsville, Illinois.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

19.     Plaintiffs Gary Bland, Tim Evans, Kenneth Keeney, Michael Stuart, Matthew Eichholz and Charles Busch are Trustees of the Health and Welfare Fund and control and manage the operation and administration of the Health and Welfare Fund.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

20.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on contributions owed to the employee benefit trust funds.  The Trustees of the Health and Welfare Fund have duly set rates for interest and liquidated damages.

4

21.     Defendant will owe a certain amount in interest and liquidated damages on the late paid contributions owed for the period from April 2019 through July 2019 and any unpaid, underpaid, and delinquent contributions owed for the period from April 2019 to the present as discovered in the audit.

**WHEREFORE,** the Trustees of the Health and Welfare Fund pray for an order and judgment against Defendant:

A.     For an accounting and audit, at Defendant's expense, of the books and records of Defendant in order to determine and verify the precise and exact amounts owed to the Health and Welfare Fund for the period from April 2019 to the present;

B.     For payment of unpaid, underpaid, and delinquent contributions owed by Defendant to the Health and Welfare Fund for the period from April 2019 through the present as discovered in the audit;

C.     For payment of interest and liquidated damages owed to the Health and Welfare Fund on the late paid contributions owed for the period from April 2019 through July 2019 and any unpaid, underpaid, and delinquent contributions owed for the period from April 2019 to the present as discovered in the audit;

D.     For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E.     For such further relief as the Court deems just, equitable and appropriate.

<u>**COUNT II - LOCAL 309 WIREMAN'S PENSION TRUST CLAIMS**</u>

**COME NOW** Plaintiffs, Trustees of the Local 309 Wireman's Pension Trust ("Pension Trust"), and for their cause of action state:

22.     Plaintiffs reallege and incorporate as part of Count II paragraphs 1 - 16 as if set out herein in full.

23.     The Pension Trust is a covered "employee pension benefit plan" as defined in Section (3)(2) of ERISA, 29 U.S.C. § 1002(2) and is administered in Earth City, Missouri.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

24.     Plaintiffs, Tom Wissehr, Carlos Perez, Joe Barnard, Rob Coppersmith, Robert Snell and Tim Evans, are Trustees of the Pension Trust and control and manage the operation and administration of the Pension Trust.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

25.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on contributions owed to the employee benefit trust funds.  The Trustees of the Pension Trust have duly set rates for interest and liquidated damages.

26.     Defendant will owe a certain amount in interest and liquidated damages on the late paid contributions owed for the period from April 2019 through July 2019 and any unpaid, underpaid, and delinquent contributions owed for the period from April 2019 to the present as discovered in the audit.

**WHEREFORE,** the Trustees of the Pension Trust pray for an order and judgment against Defendant:

A.     For an accounting and audit, at Defendant's expense, of the books and records of Defendant in order to determine and verify the precise and exact amounts owed to the Pension Trust for the period from April 2019 to the present;

B.     For payment of unpaid, underpaid, and delinquent contributions owed by Defendant to the Pension Trust for the period from April 2019 through the present as discovered in the audit;

6

C.      For payment of interest and liquidated damages owed to the Pension Trust on the late paid contributions owed for the period from April 2019 through July 2019 and any unpaid, underpaid, and delinquent contributions owed for the period from April 2019 to the present as discovered in the audit;

D.      For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E.      For such further relief as the Court deems just, equitable and appropriate.

### COUNT III - LOCAL 309 VACATION TRUST FUND CLAIMS

**COME NOW** Plaintiffs, Trustees of the IBEW, Local 309 Vacation Trust Fund ("Vacation Fund"), and for their cause of action state: Plaintiffs reallege and incorporate as part of Count III paragraphs 1 - 16 as if set out herein in full.

27.      The Vacation Fund is an "employee welfare benefit plan" as defined in Section (3)(1) of ERISA, 29 U.S.C. § 1002(1), 1003(a) and is administered in Collinsville, Illinois.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

28.      Plaintiffs Gary Bland, Tim Evans, Kenneth Keeney, Michael Stuart, Matthew Eichholz and Charles Busch are Trustees of the Vacation Fund and control and manage the operation and administration of the Vacation Fund.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

29.      Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on contributions owed to the employee benefit trust funds.  The Trustees of the Vacation Fund have duly set rates for interest and liquidated damages.

30.     Defendant will owe a certain amount in interest and liquidated damages on the late paid contributions owed for the period from April 2019 through July 2019 and any unpaid, underpaid, and delinquent contributions owed for the period from April 2019 to the present as discovered in the audit.

**WHEREFORE,** the Trustees of the Health and Welfare Fund pray for an order and judgment against Defendant:

A.     For an accounting and audit, at Defendant's expense, of the books and records of Defendant in order to determine and verify the precise and exact amounts owed to the Vacation Fund for the period from April 2019 to the present;

B.     For payment of unpaid, underpaid, and delinquent contributions owed by Defendant to the Vacation Fund for the period from April 2019 through the present as discovered in the audit;

C.     For payment of interest and liquidated damages owed to the Vacation Fund on the late paid contributions owed for the period from April 2019 through July 2019 and any unpaid, underpaid, and delinquent contributions owed for the period from April 2019 to the present as discovered in the audit;

D.     For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E.     For such further relief as the Court deems just, equitable and appropriate.

## COUNT IV - SOUTHWESTERN ILLINOIS JOINT APPRENTICESHIP AND TRAINING COMMITTEE CLAIMS

**COME NOW** Plaintiffs, the Trustees of the Southwestern Illinois Joint Apprenticeship and Training Committee ("JATC"), and for their cause of action state:

31.     Plaintiffs reallege and incorporate as part of Count IV paragraphs 1 - 16 as if set out herein in full.

32.     The JATC is a covered "employee welfare benefit plan" as defined in Section (3)(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in Collinsville, Illinois.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

33.     Plaintiffs Robert Killday, William Tate, Don Baker, Tom Fletcher, Jill Clark and Dana Riefesel are Trustees of the JATC and control and manage the operation and administration of the JATC.  The Trustees are "fiduciaries" as defined in Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

34.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on contributions owed to the employee benefit trust funds.  The Trustees of the JATC have duly set rates for interest and liquidated damages.

35.     Defendant will owe a certain amount in interest and liquidated damages on the late paid contributions owed for the period from April 2019 through July 2019 and any unpaid, underpaid, and delinquent contributions owed for the period from April 2019 to the present as discovered in the audit.

**WHEREFORE,** the Trustees of the JATC pray for an order and judgment against Defendant:

A.     For an accounting and audit, at Defendant's expense, of the books and records of Defendant in order to determine and verify the precise and exact amounts owed to the JATC for the period from April 2019 to the present;

B.    For payment of unpaid, underpaid, and delinquent contributions owed by Defendant to the JATC for the period from April 2019 through the present as discovered in the audit;

C.    For payment of interest and liquidated damages owed to the JATC on the late paid contributions owed for the period from April 2019 through July 2019 and any unpaid, underpaid, and delinquent contributions owed for the period from April 2019 to the present as discovered in the audit;

D.    For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E.    For such further relief as the Court deems just, equitable and appropriate.

## COUNT V - LOCAL 309, IBEW INCOME SECURITY FUND CLAIMS

**COME NOW** Plaintiffs, the Trustees of the IBEW Income Security Fund ("Income Security Fund"), and for their cause of action state:

36.    Plaintiffs reallege and incorporate as part of Count V paragraphs 1 - 16 as if set out herein in full.

37.    The Income Security Fund is a covered "employee welfare benefit plan" as defined in (3)(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in Collinsville, Illinois.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

38.    Plaintiffs Gary Bland, Tim Evans, Kenneth Keeney, Michael Stuart, Matthew Eichholz and Charles Busch are Trustees of the Income Security Fund and control and manage the operation and administration of the Income Security Fund.  The Trustees are "fiduciaries" as defined in Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

10

39.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on contributions owed to the employee benefit trust funds.  The Trustees of the Income Security Fund have duly set rates for interest and liquidated damages.

40.     Defendant will owe a certain amount in interest and liquidated damages on the late paid contributions owed for the period from April 2019 through July 2019 and any unpaid, underpaid, and delinquent contributions owed for the period from April 2019 to the present as discovered in the audit.

**WHEREFORE,** the Trustees of the Income Security Fund pray for an order and judgment against Defendant:

A.     For an accounting and audit, at Defendant's expense, of the books and records of Defendant in order to determine and verify the precise and exact amounts owed to the Income Security Fund for the period from April 2019 to the present;

B.     For payment of unpaid, underpaid, and delinquent contributions owed by Defendant to the Income Security Fund for the period from April 2019 through the present as discovered in the audit;

C.     For payment of interest and liquidated damages owed to the Income Security Fund on the late paid contributions owed for the period from April 2019 through July 2019 and any unpaid, underpaid, and delinquent contributions owed for the period from April 2019 to the present as discovered in the audit;

D.     For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E.     For such further relief as the Court deems just, equitable and appropriate.

## COUNT VI – LOCAL 309 CLAIMS

**COMES NOW** Plaintiff, Local 309, and for its cause of action states:

41.     Plaintiffs reallege and incorporate as part of Count VI paragraphs 1 - 16 as if set out herein in full.

42.     Plaintiff, Local 309 International Brotherhood of Electrical Workers, AFL-CIO ("Local 309") is a voluntary unincorporated association with its principal office in Collinsville, Illinois.  Local 309 exists for the purpose of dealing with employee grievances, labor disputes, wages, rates of pay, hours of employment, terms or conditions of employment and for other purposes.  It is a labor organization in an industry affecting commerce within the meaning of the LMRA.

43.     Local 309's claims are for breach of contract and arise under Section 301 of the LMRA of 1947, as amended, 29 U.S.C. § 185.

44.     Under the Labor Agreement, Defendant is obligated to furnish a $50,000 surety bond or irrevocable bank letter of credit to assure payment of wages and contributions due to the various Funds covered by this Complaint.

45.     Defendant has failed to obtain a current $50,000 surety bond or irrevocable bank letter of credit required by the Labor Agreement. Defendant's failure to obtain the surety bond or irrevocable bank letter of credit is a continuing violation of the Labor Agreement.

**WHEREFORE,** Local 309 prays for an order and judgment against Defendant:

A.     For an accounting and audit, at Defendant's expense, of the books and records of Defendant in order to determine and verify the precise and exact amounts owed to Local 309 for the period from April 2019 to the present;

B.     For payment of working dues owed by Defendant to Local 309 for the period from April 2019 through the present as discovered in the audit;

C.      Requiring Defendant to furnish the $50,000 surety bond or irrevocable bank letter of credit;

D.      For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E.      For such further relief as the Court deems just, equitable and appropriate.

## COUNT VII - NATIONAL ELECTRICAL BENEFIT FUND

**COME NOW** Plaintiffs, the Trustees of the National Electrical Benefit Fund ("NEBF"), and for their cause of action against Defendant:

46.      Plaintiffs reallege and incorporate as part of Count VII paragraphs 1 - 16 as if set out herein in full.

47.      The NEBF is a covered "employee benefit plan" as defined in Section (3)(2) of ERISA, 29 U.S.C. § 1002(2), and is administered in Rockville, Maryland.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

48.      Plaintiffs Lonnie Stephenson, David Long, Kenneth Cooper and Dennis Quebe are the Trustees of the NEBF.  The Trustees are "fiduciaries" as defined in Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

49.       Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on contributions owed to the employee benefit trust funds.  The Trustees of the NEBF have duly set rates for interest and liquidated damages.

50.      Defendant will owe a certain amount in interest and liquidated damages on the late paid contributions owed for the period from April 2019 through July 2019 and any unpaid,

underpaid, and delinquent contributions owed for the period from April 2019 to the present as discovered in the audit.

**WHEREFORE,** the Trustees of the NEBF pray for an order and judgment against Defendant:

A.      For an accounting and audit, at Defendant's expense, of the books and records of Defendant in order to determine and verify the precise and exact amounts owed to the NEBF for the period from April 2019 to the present;

B.      For payment of unpaid, underpaid, and delinquent contributions owed by Defendant to the NEBF for the period from April 2019 through the present as discovered in the audit;

C.      For payment of interest and liquidated damages owed to the NEBF on the late paid contributions owed for the period from April 2019 through July 2019 and any unpaid, underpaid, and delinquent contributions owed for the period from April 2019 to the present as discovered in the audit;

D.      For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E.      For such further relief as the Court deems just, equitable and appropriate.

## COUNT VIII - LABOR MANAGEMENT COOPERATION COMMITTEE

**COME NOW** Plaintiffs, Board of Directors of the Labor Management Cooperation Committee (LMCC), and for their cause of action against Defendant states:

51.      Plaintiffs reallege and incorporate as part of Count VIII paragraphs 1 - 16 as if set out herein in full.

52.      Plaintiffs Greg Fowler, Tim Evans, Ken Keeney, Mike Stuart, and Chris Weir are the Board of Directors of the LMCC.  The LMCC is a labor management cooperation committee under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9), and administered in Springfield, Illinois.

53.      The LMCC is a third-party beneficiary of the Labor Agreements.

54.      The LMCC's claims are for breach of contract and arise under Section 301 of the LMRA of 1947, as amended, 29 U.S.C. § 185.

55.      Under the Labor Agreement, Defendant is obligated to pay a sum equal to 15% of the delinquent payment, but not less than $20.00, for each month payment of contributions is delinquent as liquidated damages and interest of 10% on contributions owed to the LMCC.

56.      Defendant will owe a certain amount in interest and liquidated damages on the late paid contributions owed for the period from April 2019 through July 2019 and any unpaid, underpaid, and delinquent contributions owed for the period from April 2019 to the present as discovered in the audit.

**WHEREFORE,** the Board of Directors of the LMCC pray for an order and judgment against Defendant:

A.      For an accounting and audit, at Defendant's expense, of the books and records of Defendant in order to determine and verify the precise and exact amounts owed to the LMCC for the period from April 2019 to the present;

B.      For payment of unpaid, underpaid, and delinquent contributions owed by Defendant to the LMCC for the period from April 2019 through the present as discovered in the audit;

C.      For payment of interest and liquidated damages owed to the LMCC on the late paid contributions owed for the period from April 2019 through July 2019 and any unpaid, underpaid,

and delinquent contributions owed for the period from April 2019 to the present as discovered in the audit;

D.      For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E.      For such further relief as the Court deems just, equitable and appropriate.

## COUNT XIII – ADMINISTRATIVE MAINTENANCE FUND CLAIMS

**COMES NOW** Plaintiff, Administrative Maintenance Fund (herein "AMF"), and for its cause of action states:

57.      Plaintiffs reallege and incorporate as part of Count XIII paragraphs 1 - 16 as if set out herein in full.

58.      The AMF is administered by the Central Illinois Chapter NECA and was established for the purpose of administration of the labor agreements, and is not covered by ERISA.

59.      The AMF is a third-party beneficiary of the Labor Agreements.

60.      The AMF's claims are for breach of contract and arise under Section 301 of the LMRA of 1947, as amended, 29 U.S.C. § 185.

61.      Defendant will owe a certain amount in interest and liquidated damages on the late paid contributions owed for the period from April 2019 through July 2019 and any unpaid, underpaid, and delinquent contributions owed for the period from April 2019 to the present as discovered in the audit.

**WHEREFORE,** the AMF prays for an order and judgment against Defendant:

A.      For an accounting and audit, at Defendant's expense, of the books and records of Defendant in order to determine and verify the precise and exact amounts owed to the AMF for the period from April 2019 to the present;

B.      For payment of unpaid, underpaid, and delinquent contributions owed by

Defendant to AMF for the period from April 2019 through the present as discovered in the audit;

C.      For payment of interest and liquidated damages owed to the AMF on the late paid

contributions owed for the period from April 2019 through July 2019 and any unpaid, underpaid,

and delinquent contributions owed for the period from April 2019 to the present as discovered in

the audit;

D.      For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this

matter; and

E.      For such further relief as the Court deems just, equitable and appropriate.


Respectfully submitted,

SCHUCHAT, COOK & WERNER

*/s/ Natalie J. Teague*
Natalie J. Teague (IL Bar 6326495)
Matthew B. Leppert (IL Bar 6283363)
Schuchat, Cook & Werner
1221 Locust Street, 2nd Floor
St. Louis, MO 63103
314-621-2626
314-621-2378 - Fax
njt@schuchatcw.com
mbl@schuchatcw.com


787791.doc